THE RIEGLESVILLE DELAWARE BRIDGE COMPANY, PLAIN-
TIFFS IN ERROR, v. JOHN D. BLOOM ET AL., DEFEND-
ANTS IN ERROR.

In an action of trespass *quare clausum fregit*, defendants pleaded title in
one S., and entry, &c., by them as his servants and by his command.
Plaintiffs claimed that they had had a deed for the land in question
from said S., but had lost it. They claimed, also, twenty years' ad-
verse possession. The evidence of title under the lost deed consisted
of the statement, made in a subsequent deed from S. to one Riegle, that
one of the lines thereby conveyed ran along land of the plaintiffs. The
defendants insisted that that boundary was only partially along the land
conveyed by the lost deed, and that it was intended merely as descrip-
tive of the northerly line of the land conveyed to R. *Held*, that the
statement in the deed to R., standing alone, was too indefinite to con-
trol the title to the land in dispute; that it by no means indicated that
the whole of the line ran along those lands.

Error to Warren Circuit Court.

For the plaintiffs in error, *J. G. Shipman.*

For the defendants in error, *W. H. Morrow.*

The opinion of the court was delivered by

THE CHANCELLOR.    This is an action of trespass *quare
clausum fregit*.    The defendants pleaded freehold title in John
M. Smith, and entry, &c., by them as his servants and by his
command.    The plaintiffs claimed that they had had a deed
for the land in question from Smith, but had lost it, and they
claimed also that they had had twenty years' adverse posses-
sion.    The evidence of title under the lost deed consisted of
the statement, made in a subsequent deed for other land from
Smith to Benjamin Riegle, that one of the lines of the land
thereby conveyed ran along land of the plaintiffs, and testi-
mony that a verbal allegation was made by Jesse Riegle, a
former president of the company, but now deceased, to and in
conversation with Smith, as to the dimensions of the tract con-

Rieglesville Delaware Bridge Co. v. Bloom.

veyed by the lost deed, that they were " eighty feet from the abutment of the bridge and forty feet each way." If those were the dimensions they would embrace the land in question. And if the land conveyed to Benjamin Riegle by the deed from Smith was, in the description thereof in that deed, bounded along the whole of its north side by the land of the company, it would be an indication that the land in dispute was conveyed by the lost deed. The defendants, however, insisted that that boundary was only partially along the land conveyed by the lost deed, and that it was intended merely as descriptive of the direction of the northerly line of the land conveyed to Benjamin Riegle. The court charged that that statement in the Benjamin Riegle deed was, standing alone, too indefinite to control the title to the land in dispute. That view was manifestly correct. The expression in the deed is, " thence by lands " of the company. This description of the line by no means indicates that the whole of the line was along those lands. If it ran partially so only, the line would answer the description.

The evidence on the part of the plaintiffs does not show what answer Smith made to the allegation made by Jesse Riegle to him as to the dimensions of the land conveyed by the lost deed, nor that he made any. On the other hand, Smith denies that the allegation was made.

There was no error in the charge or refusal to charge upon the subject of title by adverse possession. The possession under which the claim was made was possession by Wolfinger, the plaintiff's toll-gate keeper. But he obtained and held possession by and under express permission of Smith. It was not adverse. The judgment of the Circuit Court should be affirmed.

*For affirmance*—THE CHANCELLOR, DEPUE, DIXON, MAGIE, PARKER, REED, VAN SYCKEL, BROWN, CLEMENT, COLE, McGREGOR, PATERSON. 12.

*For reversal*—None.